EMORY M. VAN TASSEL, Plaintiff, *v.* FRANK WILLIAMS and Others, Defendants.

*Evidence of the existence of a partnership.*

Upon the trial of an action brought upon certain promissory notes the only questions presented were whether the plaintiff was a partner with the defendants in their business, and whether the money represented by such notes was a contribution of capital by him.

It was shown that prior to April, 1887, the defendant Weeks and plaintiff were engaged in business together, and during such month the defendants Williams, Hungerford and Weeks entered into an agreement in writing of co-partnership, the firm name to be F. Williams & Co., Williams to do the outside work, Hungerford to attend to the correspondence and general outside work, and Weeks to have charge of all the financial affairs and to furnish the capital. It was further agreed that the capital invested in the business should draw six per cent interest, to be charged to expense account; that Williams should have one-fourth, Hungerford one-fourth and Weeks one-half of the profits; that Williams should draw out of the business twenty-five dollars, Hungerford the same amount, and Weeks fifty dollars a week, and that such agreement was to continue for two years. It was also shown that there was an understanding or agreement between all of the four parties that the three defendants should form the co-partnership; that the plaintiff should furnish the money, and that Weeks should divide his half of the profits with the plaintiff; that the reason why the plaintiff did not wish his name to appear in the firm was, that it would conflict with his other business, and that his name as a capitalist would be sufficient for the backing of the business. In pursuance of such arrangement the plaintiff contributed the money to the firm.

Upon the expiration of the original agreement it was renewed for two years longer. To some extent the plaintiff interfered with the management of the business. He introduced the defendant Weeks to several banks and guaranteed his actions, and he left his signature of the firm of F. Williams & Co. at the Produce Exchange.

*Held,* that the plaintiff could enforce a proprietary right in the profits of the business; that Weeks was his agent, and that as far as the capital contributed

was concerned, it was contributed as capital by the dormant partner whose agent had agreed on his behalf that it should be contributed;

That there was sufficient evidence to go to the jury upon the question, under proper instructions, as to whether it was not the intention of all the parties that the plaintiff should be interested in the business as a dormant partner, represented by Weeks.

Motion by the defendants, Frank Williams and others, for a new trial on a case containing exceptions ordered to be heard at the General Term in the first instance, after a verdict for $14,399.51, rendered in favor of the plaintiff by direction of the court on a trial at the New York Circuit on the 7th day of March, 1893.

*J. M. Bowers*, for the motion.

*C. N. Bouvee, Jr.*, opposed.

Van Brunt, P. J.:

This action was brought to recover upon several promissory notes alleged to have been given by the defendants, doing business under the firm name of F. Williams & Co., to the plaintiff. The only question involved was whether the plaintiff was a partner with the defendants in their business, and the money represented by these notes a contribution of capital as such partner by him. Upon the trial of the case a verdict was directed by the court, and the question presented is whether there was any evidence which entitled the defendants to have this question submitted to the jury, or whether the evidence was of such a character that as matter of law the plaintiff occupied the relation claimed by the defendants.

There is a preliminary question raised as to the burden of proof, it being claimed by the defendants that under the pleadings the defendants were entitled to the opening and closing of the case.

It is not necessary in view of the disposition which was made of the case to consider particularly this question. There being no denial contained in the answer of any of the allegations contained in the complaint, it was an admission of the plaintiff's cause of action unless the defendants could establish the allegations set up in their answer by way of defense, namely, that the plaintiff was jointly interested with the defendants in the business out of which these notes arose, and hence could not maintain this action against the

defendants. In fact, upon the trial the plaintiffs offered no proof, and the court held the notes to be admitted. It is true some letter heads and signatures of F. Williams & Co. to letters showing the individual names of the defendants were offered, but these were entirely unnecessary in view of the fact that the co-partnership of the defendants was not denied, the only allegation being the affirmative allegations as above stated. The court, however, having disposed of the question of the right of plaintiff to recover as matter of law, if such ruling was correct this error should not affect the judgment.

It appeared that prior to April, 1887, the defendant Sanford H. Weeks and the plaintiff were engaged in business together, and in said month the defendants Williams, Hungerford and Weeks entered into an agreement in writing for a co-partnership, the firm name to be F. Williams & Co., Williams to do the outside work, Hungerford to attend to the correspondence and general outside work, and Weeks to have charge of all the financial affairs and furnish the capital. It was further agreed that the capital invested in the business should draw six per cent interest, to be charged to expense account; that Williams should have one-fourth, Hungerford one-fourth and Weeks one-half of the profits; that Williams should draw out of the business twenty-five dollars, Hungerford the same amount, and Weeks fifty dollars per week, and that this agreement was to continue for two years. It further appears that there was an understanding or agreement between all the four parties that the three defendants should form a co-partnership, which was done by the agreement above referred to; that the plaintiff should furnish the money, and that Weeks should divide his half with the plaintiff; that the reason why the plaintiff did not wish his name to appear in the firm was that it would conflict with his other business; that his name as a capitalist would be sufficient for the backing of the business, and that he was to have one-fourth of the profits of the business, being one-half of the half reserved to Weeks by the written agreement. It was in pursuance of this arrangement that the plaintiff contributed the money to the firm. Upon the expiration of the original agreement it was renewed for two years longer. It further appeared that the plaintiff interfered

to some extent in the management of the business, introduced the defendant Weeks to several banks and guaranteed his actions, and left his signature of F. Williams & Co. at the Produce Exchange.

In this condition of the proof the court held that no partnership was established, and that the action could be maintained presumably under the authority of *Burnett* v. *Snyder* (81 N. Y. 550), and this authority seemingly sustains the conclusion of the learned judge. But we think that the jury may find certain facts to exist which will be fatal to the plaintiff's right to recover in this action.

In the case cited it was held that a contract between two or more partners and a third person, with the knowledge and assent of the other partners, by which the third person is to share in the profits and losses in the firm business of the partner with whom he contracts, does not constitute such a participation in the profits as will make the third person a partner or liable for partnership debts. The ground upon which that decision was based seems to be that participation in the profits of the business does not in all cases make the participant a partner as to third persons. To have that effect the participation must be in the profits as such under circumstances which give him a proprietary right as principal trader in such profits before division. In that case it appeared that the party sought to be charged as partner had refused to become a partner, although his refusal had no connection with the knowledge of the liability which he would incur to creditors by becoming a partner ; and that it was arranged between the parties that he should take a share of one partner's interest, and the only agreement made, so far as the party sought to be charged as a partner was concerned, was the agreement between him and one of the partners. The business of the firm did not require the contribution of capital, and none was contributed by any of the partners. The party sought to be charged aided the firm by purchases and consignments of merchandise to the firm for sale ; but took no part in the management of the business. Upon these facts the court held that he was not a partner either as to creditors or between himself and the other parties in interest. In the case of *Nirdlinger* v. *Bernheimer* (133 N. Y. 45) it was held that a sub-partner with one engaged with others in a joint enterprise is entitled to an accounting in reference thereto, and this although the other partners had no knowledge of

the sub-partnership. In that case *Burnett* v. *Snyder* was referred to, and it was held not to be applicable, because the sub-partner there made no contribution to the capital of the principal firm, and had no proprietary interest in its funds, or in the profits arising in its business before division, and the question involved related solely to his liability to the creditors of the firm. Now, in the case at bar it appears that the plaintiff was to contribute the capital of the business. His name was not to appear, but the defendant Weeks was to represent his interest in the firm, and he was to have one-quarter of the profits, the same as the other members, for the contribution of his capital. It is true it does not appear to have been stated, but such contribution of capital was the ground work upon which his compensation depended. The evidence is that plaintiff was to furnish the money. It is true that in the agreement between the three partners it is provided that Weeks shall furnish the necessary capital; but the testimony is that the plaintiff was the man from whom that capital was to come; and it was plainly the understanding and intention of the parties that such capital should be at the risk of the business. Besides, in the case at bar the plaintiff did interfere in the management of the business, changed the bank account, and thought himself enough of a partner to sign the name of the partnership, leaving his signature of F. Williams & Co. at the Produce Exchange.

It seems to us that it may be inferred from all these circumstances that it was the understanding and intention of these parties that the plaintiff should be a dormant partner in this concern, and that his interest should be ostensibly represented by Weeks. He did not decline to become a partner as Snyder did in the case of *Burnett* v. *Snyder* (*supra*). All that he said on that subject was that he did not want his name to appear in the firm because it would conflict with his other business if it was known that he was interested in the business.

Under all these circumstances it seems to us that there is a clear distinction between the case of *Burnett* v. *Snyder* and the one at bar, and it would seem that it was not the intention of the Court of Appeals that the case cited should be extended in its application.

Under this evidence it seems to be clear that the plaintiff could enforce a proprietary right in the profits of the business, that Weeks was his agent, and that as far as the capital contributed was con-

cerned, it was contributed as capital by the dormant partner whose agent had agreed on his behalf that it should be contributed.

We think, therefore, that there was at least sufficient evidence to go to the jury upon the question, under proper instructions, as to whether it was not the intention of all these parties that the plaintiff should be interested in this business as a dormant partner represented by Weeks. If so, this action could not be maintained.

The exceptions should be sustained and the motion for new trial granted, with costs to the defendants to abide the final event.

O'BRIEN and FOLLETT, JJ., concurred.

Exceptions sustained and motion for new trial granted, with costs to the defendants to abide the final event.